# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| SCOTT WOOD, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>NEWBRIDGE RESOURCES GROUP, LLC, a Delaware limited liability company; ALSHAIR FIYAZ, an individual; OSCAR CROHN, and individual; KLAUS HASBO, an individual; JOHN CRESPO, an individual; PACIFIC COAST ENERGY COMPANY LP; and, DOES 1 through 25, inclusive,<br><br>Defendants. | CASE NO. 2:20−CV−10865 VAP (AGR)<br><br>**[PROPOSED] STIPULATED PROTECTIVE ORDER** |

**1.      PURPOSES AND LIMITATIONS & GOOD CAUSE STATEMENT**

       1.1      Purposes and Limitations

       Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, pursuant to Federal Rule of Civil Procedure 26(c), the parties hereby stipulate and agree to the request for, and entry of, the following Stipulated Protective Order (hereinafter "Order" or "Stipulated Protective Order") to govern the discovery, use, and handling of Protected Material, as defined in Section 2, produced by parties and non-parties in the above-captioned case.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge that this Stipulated Protective Order does not entitle them to file Protected Material under seal; Civil Local Rule 79 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

       1.2      Good Cause Statement

       This action is likely to involve inventions, trade secrets, know-how or other non-public, confidential or proprietary knowledge, information or data with respect to the products, services, operations, finances, business or affairs of the parties, as well as information concerning confidential, proprietary or secret processes, methods, inventions, techniques, customers (including, without limitation, the identity of the customers of the parties and the specific nature of the services provided by the parties), employees or plans of the parties.  Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties

are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter.  It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

## 2.  **DEFINITIONS**

2.1     Action: the above-captioned action, *Scott Wood v. NewBridge Resources Group, LLC et al.*, Case No. 2:20−CV−10865 VAP (AGR) (C.D. Cal.).

2.2     Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3     "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.4     Counsel (without qualifier): Outside Counsel of Record and In-House Counsel (as well as their support staff).

2.5     Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6     Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7     In-House Counsel: attorneys who are employees of a party to this action.  In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.8   Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9   Outside Counsel of Record: attorneys who are not employees of a Party but are retained to represent or advise a Party and have appeared in the Action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

2.10   Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.11   Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.12   Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13   Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.14   Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

**3.   SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

Case No. 2:20-cv-10865 VAP (AGR)
[PROPOSED] STIPULATED PROTECTIVE ORDER

## 4.  DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## 5.  DESIGNATING PROTECTED MATERIAL

5.1  Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  To the extent it is practical to do so, the Designating Party will attempt to designate for protection only those parts of material, documents, items, or oral or written communications that qualify — so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.  Mass, indiscriminate, or routinized designations are prohibited.  Nothing in this Order prevents the Receiving Party from challenging the scope of the Designating Party's designations and seeking all available relief related thereto.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2  Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of Section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection

-4-

under this Order must be clearly so designated before the material is disclosed or produced by the Designating Party.

Designation in conformity with this Order requires:

(a)    for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to every page of any document that contains protected material.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL") to every page of any document that contains Protected Material.

(b)    for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted.  When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days from receipt of a final transcript to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted.  For the avoidance of doubt, the final transcript refers to the original copy provided to the deponent for review and

-5-

signature and does not include the time given to the deponent to review for errors, etc. During this 21 day period, the transcript will be treated as if it has been designated "CONFIDENTIAL" in its entirety unless otherwise agreed. After the 21 day period has expired, only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Stipulated Protective Order. Alternatively, a Designating Party may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL."

Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements.

(c)    for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL."

5.3    <u>Inadvertent Failures to Designate</u>. If timely corrected after realization that an error has been made, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a

-6-

designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. A Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order.  The parties shall attempt to resolve each challenge in good faith in accordance with Civil Local Rule 37.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.

6.3    Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, the Challenging Party shall file and serve a Joint Stipulation regarding the disputed confidentiality in accordance with Civil Local Rule 37.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  All parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

**7.    REDACTIONS**

7.1    <u>Protocol for Redactions</u>.  Any Producing Party may redact from Discovery Material matter that the Producing Party claims is (i) privileged or (ii) Information that the Producing Party claims it cannot disclose absent Court order. The Producing Party shall mark each redaction with a legend stating "REDACTED," and specify the basis for the redaction as appropriate, or provide a comparable notice. Where a document consists of more than one page, at least each page on which information has been redacted shall be so marked. If Counsel for the Producing Party agrees or if the Court orders that Discovery Material initially redacted shall not be subject to redaction or shall receive alternative treatment, and the Discovery Material is subsequently produced in unredacted form, then that unredacted Discovery Material shall continue to receive the protections and treatment afforded to documents bearing the confidentiality designation assigned to it by the Producing Party.

7.2    <u>Right to Challenge</u>.  The right to challenge and process for challenging redactions shall be the same as the right to challenge and process for challenging the designation of "CONFIDENTIAL" set out in Section 6, above.

7.3    <u>Consent-Based Redactions</u>.  Nothing herein precludes any party from seeking the other Party's or Parties' consent or an order allowing the Party to redact nonresponsive matter from otherwise responsive documents on a case-by-case basis.

**8.    ACCESS TO AND USE OF PROTECTED MATERIAL**

8.1    <u>Basic Principles</u>. A Receiving Party may disclose Protected Material only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 15 below (FINAL DISPOSITION).  Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

All Protected Material, along with the information contained in the Protected Material, shall be used solely for purposes of this action, and no person receiving such Protected Material shall, directly or indirectly, transfer, disclose, or communicate in any way the contents of the documents to any person other than those specified in Paragraphs 7.2 and 7.3.

8.2   Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)   the Receiving Party's Outside Counsel of Record, as well as employees of said Outside Counsel of Record;

(b)   the officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c)   independent outside experts or consultants who are not regular employees of a Party but are retained on behalf of any of the Parties by their Outside Counsel of Record to assist in this litigation (once the requirements of Paragraph 8 are satisfied)

(d)   the court and its personnel;

(e)   court reporters and their staff;

(f)   professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

(g)   the Designating Party's party witnesses;

(h)   persons shown on the face of the document to have authored or received it; and

(i)      any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

**9.      INDEPENDENT OUTSIDE EXPERTS OR CONSULTANTS**

Each person appropriately designated pursuant to Paragraphs 7.2(c) or 7.3(b) to receive information or items designated in this action as "CONFIDENTIAL" (1) must not be a past or current employee of a Party or of a Party's competitor; (2) at the time of retention must not be anticipated to become an employee of a Party or of a Party's competitor; and (3) must execute the "Acknowledgement and Agreement to be Bound" in the form attached as Exhibit A.  Further, in the case of a testifying outside independent expert or consultant, the Designating Party shall be notified at least seven (7) business days prior to disclosure to any such person of the Designating Party's Protected Material.  Such notice shall provide a reasonable description of the outside independent person to whom disclosure is sought sufficient to permit objection to be made.  The burden is then on the Designating Party to promptly object in writing to such disclosure and within seven (7) business days after receipt of notice, to apply for appropriate relief from the Court.  No disclosure shall be made until the latter of the following events: (1) the Designating Party fails to object and seek appropriate relief within seven (7) business days after receipt of notice; or (2) if the Designating Party objects and seeks appropriate relief in the time allotted, the Court enters an Order that permits disclosure to the outside independent person to whom disclosure is sought.

**10.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels public disclosure of any information or items designated in this action as "CONFIDENTIAL" that Party must:

-10-                    Case No. 2:20-cv-10865 VAP (AGR)
[PROPOSED] STIPULATED PROTECTIVE ORDER

(a) promptly notify in writing the Designating Party, and in any event no later than ten (10) days before complying with any subpoena or order. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.[1]

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material — and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

If the Designating Party takes no effective action to preclude the enforceability of the subpoena or order, then the Receiving Party may comply with the subpoena or order.

## 11. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL." Such

---

[1] The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.

information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1. promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non- Party;

2. promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3. make the information requested available for inspection by the Non-Party.

(c) If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.[2]  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

---

[2] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court.

-12-    Case No. 2:20-cv-10865 VAP (AGR)

[PROPOSED] STIPULATED PROTECTIVE ORDER

**12.  UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**13.  CLAWBACK OF DISCLOSURE**

13.1  <u>Clawback of Disclosure.</u>  A Producing Party that determines that it has accidentally or inadvertently made a disclosure of Protected Material, without designating it as such pursuant to the terms of this Order, or has accidentally or inadvertently made a disclosure of Privileged Material, shall promptly notify the Receiving Party following discovery of the production, and the Receiving Party shall:

1. in the case of Privileged Material, (i) immediately cease the review and use of the disclosed document or information, except to the extent necessary to determine and/or contest the privilege or protection; (ii) if the Receiving Party does not challenge the assertion, return or destroy the disclosed document or information, as well as any and all copies thereof; and (iii) if the Receiving Party does not challenge the assertion, destroy any references to the erroneously or inadvertently disclosed document or information, to the extent such references exist in other materials prepared by the Receiving Party; or,

2. in the case of Protected Material, shall mark it and all copies with the appropriate legend ("CONFIDENTIAL") at the expense of the Producing Party and treat the document as Protected Material under the terms of this Order. Alternatively, at the discretion of the Producing Party, the Producing Party may promptly provide replacement media, and the Receiving Party must promptly return the original documents and all copies of the same to the Producing Party or destroy the original documents and all copies.

Upon request of the Producing Party, the Receiving Party must provide to the Producing Party a certification of Counsel that all of the accidentally or inadvertently Protected Material or Privileged Material identified has been returned,

Case No. 2:20-cv-10865 VAP (AGR)

[PROPOSED] STIPULATED PROTECTIVE ORDER

sequestered, or destroyed subject to the terms of this paragraph. The Receiving Party is not required to return or destroy any Discovery Material claimed to be Privileged Material if the Receiving Party intends to move the Court (and does move within a reasonable time) for a ruling that the document was never privileged or protected, unless and until the Court determines the document is privileged or protected, but the Challenging Party must sequester such Discovery Material until the Court has made such determination.

13.2    Provision of Privileged Material or Protected Material to a Non-Party. If any produced Privileged Material or Protected Material was provided to a Non-Party by a Receiving Party before the Receiving Party was notified of the inadvertent disclosure, the Receiving Party will promptly notify the Producing Party that it had provided the Privileged Material or Protected Material to the Non-Party, and will use all reasonable efforts to secure the return of the Privileged Material or Protected Material (and the destruction of any references thereto) and/or proper designation of the Protected Material, including reminding the Non-Party of its obligation to adhere to the terms of this Order that the Non-Party agreed to by executing the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A. The Receiving Party shall notify the Producing Party and follow this procedure as to all copies of the document disclosed.

13.3    Challenges.  If a Receiving Party disputes the Producing Party's privilege claim over inadvertently produced Privileged Material, the Receiving Party shall notify the Producing Party of the dispute and the basis therefore in writing within ten (10) calendar days of receipt of the notification of produced Privileged Information. The Producing Party and Receiving Party thereafter shall meet and confer in good faith regarding the disputed claim within ten (10) calendar days. In the event that the Producing Party and Receiving Party do not resolve their dispute, the Challenging Party must bring a motion for a determination of whether a

-14-

privilege applies within seven (7) calendar days of the determination that no resolution will be achieved.

13.4   Waiver.  A Party is not precluded by this Order from arguing that a privilege or protection has been waived for reasons other than the production of a document or information subsequently clawed back in accordance with the terms of this Order.

13.5   Used Documents.  Notwithstanding the foregoing, the Parties agree that any document used by any Party in a deposition, expert report, or court filing in a this Action (with the exception of a motion pursuant to Section 13.3 of this Order) that a Producing Party does not seek to claw back within seven (7) calendar days of its use ("Used Document") shall not be eligible for clawback under Sections 13.1-3 of this Order. Such ineligibility for clawback of a Used Document under Sections 13.1-3 of this Order shall not, by itself, constitute or effect a subject matter waiver in this Action.

## 14.   **MISCELLANEOUS**

14.1   Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

14.2   Right to Assert Other Objections.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

14.3   Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  Pursuant to Civil

Local Rule 79, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law.  If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79 is denied by the Court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 79 unless otherwise instructed by the Court.

## 15.   FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or, destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

## 16. SANCTIONS

Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.


DATED:  August 20, 2021          FAUVER, LARGE, ARCHBALD & SPRAY, LLP


By _____

    Trevor D. Large
    Christopher M. de la Vega

    FAUVER, LARGE, ARCHBALD & SPRAY, LLP
    Trevor D. Large (Bar No. 214886)
    tlarge@flasllp.com
    Christopher M. de la Vega (Bar no. 276391)
    cdelavega@flasllp.com
    820 State Street, 4th Floor
    Santa Barbara, California 93101
    Telephone:  (805) 966-7000
    Facsimile:   (805) 966-7227

    *Attorneys for Plaintiff Scott Wood*

DATED:  August 23, 2021

By *Bruce E. Van Dalsem*

Bruce E. Van Dalsem
Marc Greenwald

QUINN EMANUEL URQUHART
& SULLIVAN, LLP
Bruce E. Van Dalsem (Bar No. 124128)
brucevandalsem@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:   (213) 443-3000
Facsimile:    (213) 443-3100

Marc Greenwald (Bar No. 176072)
marcgreenwald@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone:  (212) 849-7000
Facsimile:    (212) 849-7100

*Attorneys for Defendants NewBridge
Resources Group, LLC, Pacific Coast Energy
Company LP & John Crespo*

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: _____, 2021          By: _____

Honorable Alicia G. Rosenberg
United States Magistrate Judge

-18-                    Case No. 2:20-cv-10865 VAP (AGR)

[PROPOSED] STIPULATED PROTECTIVE ORDER

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on

_____ [date] in the case of *Wood v. NewBridge Resources Group, LLC et al.*, Case No. 2:20-cv-10865 VAP (AGRx).  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____

[print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.


Date:  _____

City and State where sworn and signed:  _____


Printed Name:  _____

                        [Printed Name]


Signature:  _____

                        [Signature Name]

-19-                                      Case No. 2:20-cv-10865 VAP (AGR)
                                          [PROPOSED] STIPULATED PROTECTIVE ORDER

**FILER'S ATTESTATION**

I, Bruce E. Van Dalsem, am the ECF user whose ID and password were used to file [PROPOSED] STIPULATED PROTECTIVE ORDER.  Pursuant to L.R. 5-4.3.4(a)(2), I hereby attest that counsel for Defendants concurred in the filing of this document.


Date: August 23, 2021                    By *Bruce E. Van Dalsem*

Case No. 2:20-cv-10865 VAP (AGR)
[PROPOSED] STIPULATED PROTECTIVE ORDER